IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**KATHRYN GOODWIN**                                                                                          **PLAINTIFF**

**V.**                                                                             **CIVIL ACTION NO. 1:20-CV-38-DAS**

**COMMISSIONER OF SOCIAL SECURITY**                                       **DEFENDANT**

## MEMORANDUM OPINION AND JUDGMENT

This cause is before the court on the plaintiff's complaint for judicial review of an unfavorable final decision of the Commissioner of the Social Security Administration regarding her application for Social Security Disability and/or Supplemental Security Income. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. The court, having reviewed the record, the administrative transcript, the briefs of the parties, and the applicable law and having heard oral argument, finds as follows, to-wit:

For the reasons announced by the court on the record at the conclusion of the parties' oral argument, the court finds the decision of the Commissioner of Social Security is supported by substantial evidence and there are no reversible errors.

The plaintiff advances four arguments in support of her appeal. She first asserts that the light RFC assessed by the ALJ is not supported by substantial evidence. The Commissioner grants that the ALJ erred in misreading the opinion of the DDS physician. The ALJ said the DDS physician found the plaintiff could perform light work, adopting light work with the

additional restrictions listed in the report as the RFC. To the contrary, the DDS physician opined that the plaintiff could walk/stand only two hours out of eight and sit six of eight, which is sedentary work. There is no substantial evidence to support a light RFC, but the evidence supports a sedentary RFC. Whether this error is harmless comes down to whether the ALJ properly found that plaintiff could return to past relevant work at the sedentary level, as considered in the plaintiff's second argument.

The plaintiff's second argument is that the ALJ erred in finding the plaintiff could return to her past relevant work, setting out alternate arguments, but urging the court to find that the ALJ failed to resolve an inconsistency between VE testimony and the DOT. She argues that SSR 00-4p, 2000 WL 1898704 (Dec. 4, 200) supersedes *Carey v. Apfel*, 230 F.3d 131(5th Cir. 2000), and therefore the failure to raise the conflict at the administrative level does not waive any error.

The plaintiff argues that the job she described is a composite job, not described by the DOT and therefore pursuant to POMS DI 25005.025 could not be evaluated "as generally performed." She also argues that the VE misidentified her past relevant work. Goodwin argues the most accurate job title for her past work is as a government services investigator, a light level employment precluded by a sedentary RFC.

Without dispute, the plaintiff could not return to her past relevant work as a real estate agent because it is light work. The VE classified her other past relevant work as a background investigator (DOT 241.267-030), which is skilled work generally performed at the sedentary exertional level. Goodwin described her past job at the light level, reporting she was required to lift twenty pounds. The pertinent question, therefore, is whether the ALJ could properly find she could return to this past work, given what should have been a sedentary RFC.

The plaintiff described her job duties as follows:

> I conducted interviews for federal companies' employees, mostly different branches of the military. I would contact former employers, neighbors, and others by telephone or in person to verify employment records, to obtain history of moral and social behavior, and education checks. Traveled to courthouse and police stations to examine public records to verify residence and criminal history. I obtained credit rating from banks and credit services. After gathering and analyzing information I would work from home and type reports of findings from investigations using a computer provided to me by my employer.

The VE found her past relevant work was as a clerical investigator, a sedentary job, described in the DOT (241.0267-030) as set out below:

> Investigates persons or business establishments applying for credit, employment, insurance, loans, or settlement of claims: Contacts former employers, neighbors, trade associations, and others by telephone or in person to verify employment record and to obtain health history and history of moral and social behavior. Examines city directories and public records to verify residence history, convictions and arrests, property ownership, bankruptcies, liens, an unpaid tax of applicant. Obtains credit rating from banks and credit services. Analyzes information gathered by investigation and prepares reports of findings and recommendations, using typewriter or computer. May interview applicant on telephone or in person to obtain other financial and personal data to complete the record. May be designated according to the type of investigation as Credit Reporter (business ser.); insurance application investigator (insurance)

The plaintiff contends that the appropriate job title most consistent with her past work is a government services investigator job (DOT 168.267.062), a job generally performed at the light level, and therefore outside of her RFC. That job description is as follows:

> Investigates regulated activities to assure compliance with federal, state, or municipal laws: Locates and interviews plaintiffs, witnesses, or representatives of business or government to gather facts relating to alleged violation. Observes conditions to verify facts indicating violation of law relating to activities as revenue collection, employment practices, or fraudulent benefit claims. Examines business, personal, or public records and documents to establish facts and authenticity of data. Investigates character of applicant for special license or permit. Investigates suspected misuses of license or permit. Prepares correspondence and reports of investigation for use by administrative or legal authorities. Testifies in court or add administrative proceedings concerning findings of investigation. May serve legal papers. May be required to meet

>licensing or certification standards established by Regulatory agency concerned. May be designated according to function or agency \where employed as Inspector, Weights and Measures…; Investigator, Internal Revenue…; Investigator Welfare …; Postal Inspector…; Investigator, Claims, ….

The court agrees with the Commissioner's argument that the VE's selection of the job description for the past relevant work does not represent a conflict between the DOT and the VE's testimony, but the plaintiff's disagreement with expert testimony. The plaintiff's argument is simply that the VE's selection of job titles within the DOT was inaccurate. The court, therefore, need not address whether the failure to raise a conflict at the administrative level operates as a waiver under *Carey, supra*. The court finds that the job title selected by the VE, as opposed to either the government services investigator, or finding her job was a composite of other jobs, does not appear to be erroneous. The selected job description closely matches the job description given by Goodwin. That her description of her past work varies in the specifics of requirements of some travel and the amount of weight lifted does not mean the job title selected is erroneous, but that the job as actually performed by Goodwin in the past, was at a higher level of exertion, than is required for the job as generally performed. The near perfect matches between the plaintiff's description and the description in the selected job title also rebuts the plaintiff's argument that the job was a composite job.

The plaintiff argues that the ALJ erred in his analysis of the opinion of Dr. Edwards. Dr. Edward's opinion, if adopted would lead to a finding that the claimant was disabled, per the testimony of the VE. The ALJ, however, found the opinion was not persuasive because Dr. Edward's opinion was issued a year after he last treated the physician; there was no note of a contemporaneous physical examination leaving his opinions unsupported by his record; and that his opinion was not supported by the preponderance of the medical records. While the last suggestion, without further analysis, is meaningless boilerplate that sheds no light on the ALJ's

4

persuasiveness decision, the gap in time in treatment and the absence of a contemporaneous physical examination to support his findings, are sufficient under the new regulations. While the court might not find this reasoning compelling, if considered *de novo,* given the standard of review, the court accepts this persuasiveness analysis.

Goodwin also challenges the ALJ assessment of the plaintiff's pain. The ALJ repeatedly referred to and acknowledged that the plaintiff's impairments caused her pain, though with medications, she reported pain levels of 2s and 3s out of ten. Because the pain was not "constant, unremitting, and wholly unresponsive to therapeutic treatment," and because the ALJ clearly considered the pain, the court does not find error,

Because the only error was harmless, the decision of the Commissioner of Social Security is affirmed.

**SO ORDERED** this the 16th day of February, 2021.

/s/ David A. Sanders
**U.S. MAGISTRATE JUDGE**